FILED

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

2009 MAY 22  AM 10: 01

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| **MATTHEW PARR individually,** | § |
| **C.C.H. AND A.V.H., minor children,** | |
| **B/N/F MATTHEW PARR,** | |
| **Plaintiffs,** | § |
| | § |
| **v.** | § **CASE NUMBER:** _____ |
| | § |
| **SHARON SIGALAS, individually** | § |

**SA09CA0411 XR**

**SHARON SIGALAS, individually
and in her official capacity as Judge of the
Youth Court of Jackson County,
YOUTH COURT OF JACKSON COUNTY
MISSISSIPPI,
MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES,
JILL PATRICE JONES, individually, and
In her official capacity as agent of the
Mississippi Department of Human Services,
HARDY JONES, individually, and in his
official capacity as agent of the Mississippi
Department of Human Services,
CYNTHIA WILSON, individually, and
in her official capacity as Administrator
of the Youth Court of Jackson County
MICHAEL BRELAND, individually and
in his official capacity as prosecutor for
the Youth Court of Jackson County,
HARRISION COUNTY SCHOOL
DISTRICT,
ELMER MULLINS, in his official
capacity as principal of D'Iberville
High School and agent or employee of the
Harrison County School District,
HARRISON COUNTY SHERIFF'S
DEPARTMENT,
VAN MCCLENDON, individually and
in his official capacity as deputy sheriff**

1

of the Harrison County Sheriff's Department
MATT MATTHEWS, in his official capacity
as supervisor of the Jackson County Division
of Child and Family Services
LAURA TAYLOR, in her official capacity
As clerk of the Youth Court of Jackson County,
LENA PARKER, individually and in her
Official capacity as social worker for the
Mississippi Department of Human Services,
LARRY ELLIS, individually,
COURTNEY GIBBS, individually and in her
capacity as an agent of the Mississippi
Department of Human Services,
GAELENE CONLEY, individually and in
her official capacity as an agent of the Youth
Court of Jackson County.

     Defendants,      §

## PLAINTIFF'S ORIGINAL COMPLAINT

### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MATTHEW PARR individually, C.C.H. AND A.V.H., minor children, B/N/F

MATTHEW PARR, hereinafter called Plaintiffs, complaining of and about SHARON

SIGALAS, individually and in her official capacity as Judge of the Youth Court of Jackson

County, YOUTH COURT OF JACKSON COUNTY MISSISSIPPI, MISSISSIPPI

DEPARTMENT OF HUMAN SERVICES, JILL PATRICE JONES, individually, and

In her official capacity as agent of the Mississippi Department of Human Services, HARDY

JONES, individually, and in his official capacity as agent of the Mississippi Department of

Human Services, CYNTHIA WILSON, individually, and in her official capacity as

Administrator of the Youth Court of Jackson County, MICHAEL BRELAND, individually and

2

in his official capacity as prosecutor for the Youth Court of Jackson County, HARRISION

COUNTY SCHOOL DISTRICT, ELMER MULLINS, in his official capacity as principal of

D'Iberville High School and agent or employee of the Harrison County School District,

HARRISON COUNTY SHERIFF'S DEPARTMENT, VAN MCCLENDON, individually and in

his official capacity as deputy sheriff of the Harrison County Sheriff's Department, MATT

MATTHEWS, in his official capacity as supervisor of the Jackson County Division of Child and

Family Services of the Mississippi Division of Family Services, LAURA TAYLOR, in her

official capacity as clerk of the Youth Court of Jackson County, LENA PARKER, individually

and in her official capacity as social worker for the Mississippi Department of Human Services,

LAWRENCE ELLIS, individually, and COURTNEY GIBBS, individually and in her capacity as

an agent of the Mississippi Department of Human Services, GAELENE CONLEY, a appointee

of the Youth Court of Jackson County and employee of Court Appointed Special Advocates

(CASA), hereinafter called Defendants, and for cause of action shows unto the Court the

following:

## PARTIES AND SERVICE

1.  Plaintiff Matthew Parr (Mr. Parr) is a natural person domiciled at 2424 Gold Canyon Road,

    Apt 1617, San Antonio, Texas.

2.  Defendant Sharon Sigalas (Judge Sigalas) is a justice of the Jackson County Youth Court

    located at 4903 Telephone Road, Pascagoula, Mississippi.  She is sued in her official and

    individual capacities.

3.  Defendant Youth Court of Jackson County is a unit of the 16TH District Chancery Court and

    is located at 4903 Telephone Road, Pascagoula, Mississippi.

3

4. Defendant Mississippi Department of Human Services (MDHS) is located at 750 N. State Street, Jackson, Mississippi.

5. Defendant Jill Patrice Jones RN (Jill Jones) is a licensed registered nurse, and agent of MDHS is domiciled at 1320 Father Ryan Avenue, Biloxi, Mississippi. She is sued in her official and individual capacities.

6. Defendant Hardy Jones, aka Terrell H. Jones, is an agent or employee of MDHS and is domiciled at 1320 Father Ryan Avenue, Biloxi, Mississippi. He is sued in his official and individual capacities.

7. Defendant Cynthia Wilson (Ms. Wilson) the administrator of the Youth Court is an agent or employee of the Jackson County Mississippi Youth Court located at 4903 Telephone Road, Pascagoula, Mississippi. She is sued in her official and individual capacities.

8. Defendant Michael Breland (Mr. Breland) is an attorney and the prosecutor of the Jackson County Youth Court located at 4903 Telephone Road, Pascagoula, Mississippi. He is sued in his official and individual capacities.

9. Defendant Harrison County School District is located at 11072 Highway 49, Gulfport, Mississippi.

10. Defendant Elmer Mullins (Mr. Mullins) is the principal of D'Iberville High School and an agent or employee of Harrison County School District located at 11072 Highway 49, Gulfport, Mississippi. He is sued in his official and individual capacity.

11. Defendant Harrison County Sheriff's Department is located at 10451 Larkin Smith Drive, Gulfport, Mississippi.

4

12. Defendant Van McClendon (Deputy McClendon) is deputy sheriff and an employee or agent of the Harrison County Sheriff's Department located at 10451 Larkin Smith Drive, Gulfport, Mississippi.  He is sued in his official and individual capacities.

13. Defendant Matt Matthews is a licensed social worker and the supervisor of the Jackson County Division of Child and Family Services and an agent or employee of the Mississippi Department of Human Services located at 6343 Jefferson Avenue, Pascagoula, Mississippi. He is sued in his official and individual capacities.

14. Defendant Laura Taylor (Ms. Taylor) is a clerk of court and an agent or employee of the Jackson County Youth Court located at 4903 Telephone Road, Pascagoula, Mississippi. She is sued in her official and individual capacities.

15. Defendant Lena Parker (Ms. Parker) is a licensed social worker and a Family Protection Worker of the Jackson County Office of the Division of Child and Family Services and agent or employee of the Mississippi Department of Human Services located at 6343 Jefferson Avenue, Pascagoula, Mississippi.  She is sued in her official and individual capacities.

16. Defendant Lawrence Ellis aka "Larry" Ellis is a natural person domiciled at Biloxi, Mississippi.  He is sued in his individual capacity.

17. Defendant Courtney Gibbs is an agent or employee of the Mississippi Department of Human Services located at 6343 Jefferson Avenue, Pascagoula, Mississippi.  She is sued in her official and individual capacities.

18. Defendant Gaelene Conley is an employee or agent of the Youth Court of Jackson County and a volunteer advocate of Court Appointed Special Advocates (CASA), she is domiciled

at 13705 Jericho Rd, Vancleve Mississippi.  She is sued in her individual and official capacity.

## INTRODUCTION AND JURISDICTION

19. This is a complaint for relief under 42 U.S.C. §1983, with pendant state claims, against certain current and past officials, workers, and judges in the Mississippi court system, along with other institutions, agencies, social workers and conspirators:

A. For declatory and injunctive relief - Defendants, in conspiracy with Jill Jones, Hardy Jones, and each other, violated plaintiffs' protected due process rights by a pattern and practice of criminally editing, falsifying, and manipulating official court records, docket records, and case files, in the action in which plaintiffs have been named a party before the Youth Court of Jackson County Mississippi;

B. For damages - Defendants, in conspiracy with each other, deprived plaintiffs of due process and equal protection of the law in the Youth Court of Jackson County Mississippi, resulting in the "kidnapping" of C.C.H., A.V.H. and her newborn child, B.G., under color of law.

C. For Pendant State Claim - Defendants, by their actions intentionally interfered with plaintiffs' parent-child relationship, by their fraudulent and deceitful actions.

20. Jurisdiction for this action is pursuant to 28 U.S.C. §1331, as it deals with a civil complaint arising under the Constitution and laws of the United States, more specifically, 42 U.S.C. §1983, and the 5th and 14th Amendments to the United States Constitution.

21. Jurisdiction of the pendant state claim is pursuant to 28 U.S.C. §1367, as it is founded on essentially the same factual foundation.

22. Due process and equal protection rights apply in the case before the Youth Court because the Court is accepting unsubstantiated claims as evidence which will lead to criminal charges and can result in the loss of liberty and property of the plaintiffs.

23. The State of Mississippi, by virtue of Articles III and VI, and the Mississippi Judiciary, by virtue of Article VI, Section 175 of the Constitution of the State of Mississippi has made itself accountable for suit in Federal Court, precluding immunity under the Eleventh Amendment of the United States Constitution.

### NATURE OF ACTION

24. This is an action under Title 42 U.S.C. Sec. 1983 to correct the deprivation of rights under color of law.  Further this action arises under the fourteenth amendment of the U.S. Constitution and the Constitution of the State of Mississippi.

### BACKGROUND FACTS

25. Plaintiff Matthew Parr and Shalom Jones (Ms. Jones) have a personal relationship which began in or around 1988.  Their son, C.C.H. was born in 1993.

26. Plaintiff A.V.H is the biological daughter of Shalom Jones.  Mr. Parr and A.V.H. have a parent-child relationship.

27. Since October 21, 2007, Mr. Parr and Ms. Jones have shared Joint Managing Conservatorship of C.C.H. and A.V.H. by Order of the 288th Judicial District Court of Bexar County, Texas.

28. C.C.H. and A.V.H. both resided at the home of Mr. Parr in Bexar County, Texas from October, 2007 until approximately May 2008 at which time they returned to live with their mother in Harrison County, Mississippi

29. On April 17, 2009, A.V.H. gave birth to a baby boy, B.G.

7

## FACTS ABOUT CUSTODY ORDERS

30. On October 21, 2007 the 288th Judicial District Court issued a Temporary Order at the request of Mr. Parr and Ms. Jones granting them Joint Managing Conservatorship of minor children C.C.H. and A.V.H.   Mr. Parr and Ms. Jones sought the order after learning that Jill and Hardy Jones were attempting to block their ability to enroll in school in Texas. Jurisdiction was taken in Texas because an emergency situation existed created by Jill Jones and Hardy Jones in Mississippi, Mr. Parr was a resident of Texas and Shalom Jones submitted to the jurisdiction of Texas.

31. The order granted Matthew Parr exclusive rights to determine the place of residence of the children as requested by both Mr. Parr and Ms. Jones.  This was requested because they feared Jill Jones and Hardy Jones would use the Mississippi courts to try to take custody from Shalom Jones through false allegations of abuse or neglect.  Mr. Parr was also concerned that they would make a police report claiming he had kidnapped them or taken them illegally.  This concern was founded in a statement by Hardy Jones that "you will be sorry if you take them across state lines."

## FACTS ABOUT JILL JONES AND HARDY JONES

32. Defendant Hardy Jones is the biological father of Shalom Jones, mother of C.C.H and A.V.H.  He is married to defendant Jill Jones.  Jill Jones has no biological relationship to C.C.H. or A.V.H.  Hardy Jones has no other children.  Jill Jones has been pregnant, the whereabouts of her child are not known by plaintiffs.

33. C.C.H. and A.V.H. lived at the home of defendants Jill Jones and Hardy Jones from 1999 until October 2007.   Shalom Jones also resided with Jill and Hardy Jones except for periods

she would be kicked out for personal disputes with Jill Jones or Hardy Jones and for the period between April 2006 and December 2007 in which she was incarcerated.

34. During the periods Shalom Jones was not permitted in their home, Jill Jones and Hardy Jones had the duty to provide care and support to C.C.H. and A.V.H. pursuant to § 43-21-105 (g) (v) of the Mississippi Code.

35. Between the years of 2000 and 2007, Jill Jones and Hardy Jones, on one or more occasions knowingly made false statements and allegations to the Department of Human Services in either or both Harrison and Jackson Counties with the intent and effect of interfering with the parent-child relationship between C.C.H. and A.V.H. and their mother. This is a violation of criminal law under Mississippi Code § 97-35-47.

36. On or about October 10, 2007 at the request of Shalom Jones and after talking to C.C.H., A.V.H., Mr. Parr drove to Mississippi to pick up the children from the home of Jill Jones and Hardy Jones because they were left without provisions or adequate supervision, in violation of § 43-21-105 of the Mississippi Code, while Jill Jones and Hardy Jones were vacationing out of state.

37. After bringing C.C.H. and A.V.H to San Antonio, Texas, Mr. Parr attempted to enroll C.C.H. and A.V.H. in public school in the Northside Independent School District. Enrollment was denied because the Harrison County School District refused to withdraw them based on instruction from Jill Jones and Hardy Jones who knowingly and falsely claimed to be their legal guardians thus interfering with the parental rights of Mr. Parr and the rights of C.C.H. and A.V.H. to a free public education.

38. Jill Jones and Hardy Jones again assumed the responsibility for care of A.V.H. in or around October 2008 after learning that A.V.H. had become pregnant.

39. In or around the month of January 2009, A.V.H. at the age of 14 and pregnant was kicked out of her home by Jill Jones for defending her mother when Jill Jones was continually calling her mother a "crack head" thus causing her to become neglected.

40. Jill Jones is a mandatory reporter as a licensed registered nurse (§ 43-21-353 MS Code). Hardy Jones is a mandatory reporter as a "pastor."

41. Jill Jones and Hardy Jones have never had a custody order for C.C.H. or A.V.H. Jill and Hardy Jones have on one or more occasions since May 7, 2009, to C.C.H. and A.V.H., claimed to be in possession of a court order granting them custody and have waived said order in the air but have never produced the order to be read by either child.

42. A.V.H was placed in the home of Jill Jones and Hardy Jones by MDHS following the shelter hearing on May 4, 2009. C.C.H was placed in the same home after being taken from his school in handcuffs on May 7, 2009. Lena Parker told them that it was ordered by the Youth Court. Neither of the children nor any of their parents has seen this order or knows if it does exist in fact.

43. Since being placed in the home of Jill Jones and Hardy Jones by the Youth Court of Jackson County and the Mississippi Department of Human Services several incidents of abuse have occurred at the hands of Jill Jones and Hardy Jones. The Mississippi Department of Human Services was notified. No action has been taken.

44. On May 7, 2009 Hardy Jones told C.C.H. that his father was out of the picture and he would never get custody of him again and referred to the Texas court order which gave Mr. Parr legal custody as "toilet paper." Hardy Jones also stated, in front of defendants Lena Parker and Courtney Gibbs, that he knew that "Matt (Mr. Parr) gave you crack in San Antonio". C.C.H. immediately replied "No he didn't and I have never smoked crack." Jill Jones

10

arrived at the house after the statement was made and repeated it exactly in front of both Ms.

Parker and Ms. Gibbs.

45. On May 14th at approximately 0630, Jill Jones woke A.V.H. telling her that she knew that

A.V.H. had text messaged her mother and she was going to have her thrown into a home

where she would never see her baby again.

46. On May 21st, A.V.H. and C.C.H. found a letter written by Jill Jones making false allegations

about the plaintiffs including that while in Texas, Mr. Parr was unable to handle A.V.H. and

had her thrown into a behavioral health center; that she was then dropped off at an airport

and left alone with no arrangements for pick up on arrival in Mississippi; that Shalom Jones

told Jill Jones and Hardy Jones that while in Texas, C.C.H. had become "addicted to crack"

and was obtaining it from Mr. Parr; that the reason C.C.H. "hated" Mr. Parr was that Mr.

Parr had "sucker punched" him;  that A.V.H. was frequently left alone, unsupervised, while

in Texas by Mr. Parr; that CPS had contacted them from Texas to make sure that A.V.H.

was safely away from Mr. Parr;  and that while listening in on a phone conversation

between C.C.H. and his father they heard C.C.H. state that he had "traded one addiction for

another" and that Mr. Parr encouraged him to continue to use drugs but warned him that

THC would stay in his system for 30 days.  These allegations are false.  The document is

currently in the possession of C.C.H. however he has no way to get it out of the house or

copy it.

47. In the above mentioned letter, a claim is made that it was told to a "friend" of Jill and Hardy

Jones' by C.C.H.that he had "smoked crack."  The friend that was referred to is Lawrence

Ellis who was released from prison on February 17, 2009 after being convicted on four

counts of forgery.  Mr. Ellis offered C.C.H. marijuana and the prescription drug Neurontin

11

which he claimed to be "weed in a pill." The reason that Mr. Ellis was with C.C.H. was that Hardy Jones sent Mr. Ellis to pick C.C.H. up from school on or about April 27, 2009 at D'Iberville High School. Mr. Ellis rents from Jill Jones' family and lives on the adjacent property. C.C.H. is afraid for his safety and especially that of his sister with Mr. Ellis nearby.

48. None of the plaintiffs have been questioned as to whether any of the statements were factual. All of the plaintiffs and Shalom Jones deny the allegations contained in the document aforementioned and will attest under oath that they are false.

49. C.C.H. called Mr. Parr very upset after reading the letter because he was afraid that Jill Jones and Hardy Jones "will lie and say anything." He is concerned that they are trying to get his mother and father arrested so that there would be no obstacles to their keeping A.V.H.'s baby.

50. On one or more occasions, A.V.H. has been coerced by Jill Jones into taking prescription birth control pills against her will under threat of social isolation and other consequences.

51. On one or more occasions, A.V.H. and C.C.H. have been threatened with consequences including social isolation if they do not attend religious services with Jill Jones and Hardy Jones which are contrary to the religious practices and beliefs of A.V.H., C.C.H. and their parents thus denying plaintiffs of their 1st and 14th Amendment rights.

52. On one or more occasions, A.V.H. and C.C.H. have been subjected to negative comments about their parents, been told that they will never be allowed to return to the custody of their parents and have been made to hear derogatory and false allegations about Mr. Parr and their mother, Ms. Jones.

53. A.V.H. has not been enrolled in school and is being deprived of an education while in the custody of Jill Jones and Hardy Jones and under the guardianship of Lena Parker and the Mississippi Department of Human Services.

54. Jill Jones and Hardy Jones subscribe to extreme religious practices which include speaking in tongues, exorcism of demons and the literal translation of the bible. These are practices that are contrary to the beliefs of either C.C.H. or A.V.H. and their parents. The right to choose the religious upbringing of one's child is a fundamental Constitutional right and was specifically ordered in this case by the 288th Judicial District Court in Bexar County, Texas.

### FACTS ABOUT MISSISSIPPI DEPARTMENT OF HUMAN SERVICES

55. In or around October, 2008 a case worker from the Mississippi Department of Human Services (MDHS) in Harrison County called Mr. Parr to tell him allegations had been made and to request a copy of the order from Texas. Mr. Parr provided the information and was never contacted by MDHS again. He spoke with both children and their mother and found no reason to be concerned. Mr Parr concluded it was another allegation by Jill Jones or Hardy Jones.

56. According to statements made by Lena Parker to Mr. Parr on May 8, 2009, Ms. Parker received a referral from the hospital where B.G. was born on April 17, 2009 because A.V.H. was a minor child at the time of her birth.

57. According to the Petition filed in the Youth Court of Jackson County on May 12, 2009, the Department of Human Services took legal and physical custody of A.V.H. and C.C.H. on April 21, 2009 based on the allegation that the minor children were neglected. There are no factual charges in the petition nor any which constituted an emergency removal.

58. On April 21, 2009, Ms. Parker, acting as an agent of the Mississippi Department of Human Services removed A.V.H. and B.G. from the hospital and placed them in a shelter pending a shelter hearing. C.C.H. was not removed at this time, though according to Ms. Parker an emergency situation existed.

59. Without notifying Mr. Parr, Shalom Jones or C.C.H., the shelter hearing took place on May 4, 2009 and the children were ordered into the custody of Jill Jones and Hardy Jones.

60. A.V.H. and her child, B.G. were taken to the home of Jill Jones and Hardy Jones on May 4 following the hearing. A.V.H. was instructed by Judge Sigalas and Ms. Parker that she was not allowed further contact with her mother or Mr. Parr. She was further instructed that she was not allowed to sleep in the same room as her newborn child by Jill Jones.

61. On May 7, 2009, some sixteen days after determining that an emergency situation existed which required that the children be removed from the legal and physical custody of their parents and three days after receiving an ex parte order at the shelter hearing, Lena Parker had C.C.H. picked up at his school and transported in handcuffs from Harrison County to her office in Jackson County.

62. On May 8th, after learning from a concerned friend of C.C.H. of the events that took place, Mr. Parr contacted Lena Parker and was told that there was a hearing on the 18th of May in which he was named a party to the neglect of his son, C.C.H. and A.V.H.

63. On May 11, 2009 Mr. Parr spoke to Ms. Lena Parker and explained that he was not being notified of proceedings in the Youth Court and that he had seen no documents regarding any allegations. Ms. Parker stated that she had provided Mr. Parr's address to the Youth Court.

64. Ms. Parker has not initiated contact with Mr. Parr since that time nor returned any of his phone calls. She continued actions in the Yourth Court thereby denying the civil rights of

14

C.C.H. and A.V.H as well as those of Mr. Parr and has withheld his contact information from the Youth Court to ensure he would not be aware of upcoming hearings in which he was a named party. Ms. Parker's actions and omissions have denied and continue to deny Mr. Parr of due process rights and his right to parent his child.

65. A report of the of the abuse that C.C.H. and A.V.H. are being subjected to was reported to Lena Parker by Mr. Parr on May 15th and to the Department of Human Services hotline on May 18th by a nurse in Texas who learned of the situation on May 17th. No action has been taken.

66. Lena Parker failed to follow investigational guidelines and acted improperly and without the best interest of the minor children C.C.H. and A.V.H. in bringing an action before the Youth Court requesting removal of children from the custody of their lawful parents. Furthermore, her decision in deciding to place the children in a home where they are being subjected to abuse is and refusing to investigate allegations of the current abuse make her a party to the abuse.

67. Matt Matthews as supervisor of the Jackson County office of the Mississippi Department of Human Services has failed to adequately train and supervise those under his supervision and has such contributed to the deprivation of the rights of plaintiffs.

## FACTS ABOUT THE YOUTH COURT

68. Without notifying any parties, a shelter hearing took place on May 4, 2009 and C.C.H. and A.V.H. were placed in the home of Jill Jones and Hardy Jones.

69. Judge Sigalas of the Youth Court of Jackson County disregarded the rules of evidence and procedure of the Youth Court and held the shelter hearing without the presence or

knowledge of C.C.H. or Mr. Parr depriving all plaintiffs' due process and other rights

granted under the Mississippi Constitution and Mississippi Code § 43-21.

70. On May 11, Mr. Parr contacted the Youth Court administrator's office and the clerk of the

Youth Court Ms. Laura Taylor. Ms. Taylor told Mr. Parr that a hearing was scheduled on

May 18th at 0830. She claimed that neither he nor Ms. Jones or A.V.H.'s biological father

were served notice because the case worker had reported that she had no contact information

for any of the named parties.

71. On May 12, 2009 a Petition was filed electronically by Michael Breland to have C.C.H. and

A.V.H. declared neglected children. On the petition, Ms. Jones' first name was misspelled

and no address was listed. Jeremy Huson, was named and his address was listed only as

Ocean Springs, MS. Mr. Parr was named as "Matt Parar" and his address was left blank.

72. The petition alleged that Ms. Jones on "one or more occasion" had used the illegal drug

crystal meth in the presence of C.C.H. and A.V.H. There are no charges or allegations of

any wrongdoing by Mr. Parr.

73. Ms. Jones, C.C.H. and A.V.H. deny the allegation and were not aware of the charges, nor

were they ever asked by Ms. Parker or Mr. Breland as to the truth of the allegation during

their investigation.

74. Mr. Parr contacted the Youth Court on May 13, 2009 to verify that Ms. Parker had

submitted the continuance request. The clerk said she received it but that the judge was

already gone for the week and would not see it until May 18th the day of the scheduled

hearing.

75. Mr. Parr filed his own motion for continuance on May 13th and was told by the clerk of the

Youth Court that Judge Sigalas had been contacted and the first available date for a new

hearing was June 10, 2009 at 1330.  Mr. Parr agreed to the date.  As of the date of this filing, no summons has been served to plaintiffs.

76. Mr. Parr provided the Youth Court with an exemplified certified copy of the temporary order from Texas on May 13th.

77. Judge Sigalas has failed to perform her duty and acted negligently in allowing for the removal of C.C.H. and A.V.H. without factual evidence.  She has failed to ensure that her Court made reasonable efforts not to remove the children as required under Federal law to continue to receive reimbursement under Chapter 7, Title 42 of the United States Code.

78. On May 18th, Mr. Parr received a summons by certified mail that he was to appear in Youth Court in Jackson County Mississippi at 0803, on the same day, May 18.  Ms. Parker and Ms. Taylor had both told Mr. Parr that the hearing had been continued until June 10.  A copy of the petition filed electronically by Mr. Breland had been altered and now had Mr. Parr's address handwritten in the space previously left blank.

79. On May 21st at 1800 a volunteer appointed by the Judge of the Youth Court attempted to question A.V.H. and C.C.H.  C.C.H. told her he did not want to talk to her without an attorney present.  The worker was Gaelene Conley an agent of CASA.  The Youth Court has already been made aware that C.C.H. and A.V.H. wish to be represented by attorney yet the Court and its agents continue to deny their right to representation.

80. None of the named parties in the action before the Youth Court of Jackson County reside, attend school or work in Jackson County.  The proper venue is and has been Harrison County.

81. No effective remedy is available in Jackson County.  The Youth Court and the Jackson County office of the Department of Human Services are corrupt.  Documents have been

17

altered, information is being withheld, summons are being issued on dates which do not allow for named parties to appear, names and addresses are intentionally misspelled and hearings are taking place without the presence or notification of the parties or their attorneys.

### FACTS ABOUT THE HARRISON COUNTY SHERIFFS DEPARTMENT

82. On May 7, 2009, Deputy Van McClendon was dispatched by the Harrison County Sheriff's Department to transport C.C.H. to the office of Lena Parker in Jackson County after being informed that C.C.H. was an alleged victim of neglect.

83. On May 7, 2009, C.C.H. was handcuffed while at school by Deputy McClendon. He was not shown any order, informed of his rights or of the allegations that he was a victim of neglect as required under the Uniform Rules of Youth Court Practice and the Constitution of the State of Mississippi.

84. C.C.H. asked Officer McClendon to call his parents to let them know what was happening and Officer McClendon refused to do so further violating the Uniform Rules of Youth Court Procedure. He was transported to Ms. Parker's office and told that he could no longer see or speak to his parents and was now in the custody of Jill Jones and Hardy Jones. He was then transported to their home.

85. Van McClendon as an agent of the Harrison County Sheriff's Department, individually and in conspiracy with others willfully detained and falsely imprisoned C.C.H. on May 7, 2009 and deprived him of due process and equal protection rights. The action of Deputy McClendon also disregarded and interfered with the parent-child relationship and the rights of Mr. Parr to parent his child.

## FACTS ABOUT THE HARRISON COUNTY SCHOOL DISTRICT

86. In August, 2008, Mr. Parr provided to Mr. Elmer Mullins a letter authorizing enrollment for C.C.H. in the Harrison County School District.  Attached to the letter was a copy of the order from the 288th Judicial District Court granting Mr. Parr the authority to do so.  The letter also requested he be listed as one of the emergency contacts and be notified of any attendance, disciplinary or academic issues.  It further authorized Mr. Mullins to provide a copy of the order to any State or County agency requesting information.

87. On May 8, 2009, Mr. Parr received a call from Elmer Mullins the principal of D'Iberville High School.  Mr. Mullins stated that C.C.H. had agreed to go with Officer McClendon voluntarily and did not resist.  He stated that he did not understand why C.C.H. was restrained.

88. Mr. Mullins verified that the contact information for both Mr. Parr and Ms. Jones as well as a copy of the Temporary Order from Texas was in C.C.H.'s file.  He stated that neither Ms. Parker nor Deputy McClendon had requested to see the file which he would have provided.

89. Mr. Mullins told Mr. Parr that the guardians for C.C.H. were listed as Jill Jones and Hardy Jones and that a flag was on his record to notify them if he attempted to withdraw C.C.H. from school or enroll him in any other school.  He stated that he was not aware of any new order changing the guardianship.

90. As a result of the errors, actions and omissions of the Harrison County School District, C.C.H. and A.V.H. have on one or more occasions been denied their right to a free public school education.  On more than one occasion the Harrison County School District has failed to provide them equal protection and has interfered with parent-child relationship and deprived Mr. Parr his right to parent his child.

## CIVIL RIGHTS VIOLATIONS

91. The defendants have individually and in conspiracy with each other intentionally interfered with the parent-child relationship between the plaintiffs and between C.C.H., A.V.H. and their mother.

92. The defendants have individually and in conspiracy with each other intentionally interfered with the parent-child relationship between A.V.H. and newborn child.

93. The defendants have individually and in conspiracy with each other violated the due process rights of Mr. Parr, A.V.H. and C.C.H. as protected under the 5th and 14th Amendments to the United States Constitution.

94. The defendants have individually and in conspiracy with each other violated the rights of C.C.H. and A.V.H. by depriving them of the right to receive a public education.

95. Jill Jones and Hardy Jones, have conspired to kidnap C.C.H. and A.V.H. and her newborn. They have committed criminal acts including making false statements to officers of the Court, law enforcement agencies and the Mississippi Department of Human Services.

96. The defendants have individually and in conspiracy with each other interfered with the parent-child relationship between A.V.H and her newborn son at a crucial time in maternal-infant development.

97. The plaintiffs have been damaged in numerous ways by the actions of the defendants and their failures to act.

98. All the actions of the defendants set forth above were done under color of law.

**WHEREFORE, the Plaintiffs request the following equitable relief:**

A. A judgment in the plaintiffs' favor that the all of the defendants, individually and in concert, violated plaintiffs' protected 5th and 14th Amendment due process rights;

B. A judgment in the plaintiffs' favor that all of the defendants, individually and in concert violated plaintiffs' protected 1st Amendment rights with respect to religious freedom;

C. A judgment in the plaintiffs' favor that all of the defendants, individually and in concert violated plaintiffs' rights to enjoy a parent-child relationship without interference as protected by Amendments 1, 5, 9 and 14 of the U.S. Constitution.

D. Appoint a special master to investigate the falsification, alteration and concealment of records in the Jackson County Youth Court and Mississippi Department of Human Services to determine all of the parties who have conspired to falsify, alter, conceal and destroy records containing information which resulted in the actions taken against plaintiffs;

E. Appoint a special master to investigate whether the Mississippi Department of Human Services is in compliance with Federal law, specifically Chapter 7 of Title 42 of the United States Code to determine whether the State of Mississippi is eligible for continued reimbursement of monies expended on foster care.

F. Issue a temporary and permanent injunction, enjoining the agents and officers of the Jackson County Youth Court, the Department of Human Services Division of Child and Family Services, the Harrison County Sheriff's Department and Jill and Hardy Jones, and their agents from editing, falsifying, concealing or destroying any records or documents related to this case;

G. Issue an order to the Judge Sigalas of the Jackson County Youth Court requiring her to provide Mr. Parr or his attorney of record with all records, documents, tapes and transcripts relating to this case at the expense of the Jackson County Youth Court;

H. Issue an injunction to the clerk of the Jackson County Youth Court, enjoining her from failing to Docket all motions, orders, documents, and hearings in this matter in a timely manner;

I. Issue an injunction to the Clerk of the Jackson County Youth Court, enjoining him or his agents from withholding the case file, including the impounded file, in this case, from inspection by Mr. Parr or his counsel at any time upon reasonable request and notice;

J. Issue an injunction to the Clerk of the Jackson County Youth Court, enjoining him or his agents from withholding or removing any documents that should be properly contained in case files, past or future of Mr. Parr, A.V.H. and C.C.H.

K. Issue an injunction to the Mississippi Department of Human Services and the Jackson County Youth Court from further prosecuting any cause against C.C.H. or A.V.H. pending a review of proper jurisdiction and venue.

L. Issue an order to the Mississippi Department of Human Services to fully investigate wrongdoing by the Division of Child and Family Services in Jackson County in this case;

M. Issue an order to the presiding judge of the 16th District Chancery Court to fully investigate wrongdoing by Judge Sigalas, agents and officers of the Jackson County Youth Court;

N. Issue an order requiring the presiding judge of the 16th District Chancery Court to make referrals to the District Attorney's office for any criminal violations of laws discovered in the investigation of the Jackson County Youth Court;

O.  Issue an order requiring the Mississippi Department of Human Services to notify the District Attorney and Mississippi Attorney General's Office of any criminal violations of laws discovered in their investigation of the Department of Child and Family Services and its agents related to this case;

P.  Issue an order requiring the Mississippi Board of Nursing and any other state Board in which Jill Jones holds a license to practice as a Registered Nurse to investigate violations of the Nurse Practice Act and Rules and Regulations of the Board of Nursing

Q.  Issue an order to the Harrison County Sheriff to fully investigate wrongdoings committed by its office and its agents relating to this case and to refer to the District Attorney any findings of criminal violations of the Mississippi Code.

R.  Issue an order for attorneys fees and costs against the defendants necessary to prosecute this action;

S.  Issue an order for previously expended attorneys fees for defense against the defendants' improper actions in the Jackson County Youth Court;

T.  An award of money damages against Jill P. Jones and Hardy Jones for violating the civil rights of plaintiffs;

U.  An award of money damages against all defendants for violating the civil rights of plaintiffs;

V.  An award of money damages against Van McClendon and the Harrison County Sheriff's Department for violating the civil rights of C.C.H;

W.  An award of money damages against all defendants for emotional distress;

X.  An award of money damages for injury to reputation;

Y.  An award of money damages against all the defendants for loss of consortium between plaintiffs;

Z.  Any other relief as may be appropriate, including injunctive orders, damages, costs and

attorney's fees.

**Respectfully submitted on the 22nd day of May, 2009,**

Matthew M. Parr, pro se.
2424 Gold Canyon Road, Apt 1617
San Antonio, TX  78259
(210) 519-8344