**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW PARR; C.C.H., A MINOR;** | § | **PLAINTIFFS** |
| **and A.V.H., A MINOR** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 1:09cv366-LG-RHW** |
| | § | |
| **MISSISSIPPI DEPARTMENT OF HUMAN** | § | |
| **SERVICES; JILL PATRICE JONES,** | § | |
| **INDIVIDUALLY, AND IN HER OFFICIAL** | § | |
| **CAPACITY AS AGENT OF THE** | § | |
| **MISSISSIPPI DEPARTMENT OF HUMAN** | § | |
| **SERVICES; HARDY JONES,** | § | |
| **INDIVIDUALLY, AND IN HIS OFFICIAL** | § | |
| **CAPACITY AS AGENT OF THE** | § | |
| **MISSISSIPPI DEPARTMENT OF HUMAN** | § | |
| **SERVICES; HARRISON COUNTY** | § | |
| **SCHOOL DISTRICT; ELMER MULLINS** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **PRINCIPAL OF D'IBERVILLE HIGH** | § | |
| **SCHOOL AND AGENT OR EMPLOYEE** | § | |
| **OF THE HARRISON COUNTY SCHOOL** | § | |
| **DISTRICT; HARRISON COUNTY** | § | |
| **SHERIFF'S DEPARTMENT; VAN** | § | |
| **MCCLENDON INDIVIDUALLY AND IN** | § | |
| **HIS OFFICIAL CAPACITY AS DEPUTY** | § | |
| **SHERIFF OF THE HARRISON COUNTY** | § | |
| **SHERIFF'S DEPARTMENT; MATT** | § | |
| **MATTHEWS IN HIS OFFICIAL** | § | |
| **CAPACITY AS SUPERVISOR OF THE** | § | |
| **JACKSON COUNTY DIVISION OF** | § | |
| **CHILD AND FAMILY SERVICES; LENA** | § | |
| **PARKER INDIVIDUALLY AND IN HER** | § | |
| **OFFICIAL CAPACITY AS SOCIAL** | § | |
| **WORKER FOR THE MISSISSIPPI** | § | |
| **DEPARTMENT OF HUMAN SERVICES;** | § | |
| **and LARRY ELLIS** | § | **DEFENDANTS** |

## <u>ORDER GRANTING SHERIFF'S DEPARTMENT'S MOTION TO DISMISS</u>

BEFORE THE COURT is Defendant Harrison County Sheriff's Department's Motion to

Dismiss [14]. Plaintiff Matthew Parr, *pro se*, brought this action on behalf of himself and minors C.C.H. and A.V.H., under Section 1983 and state law, for claims arising out of a custody dispute. The Sheriff's Department argues that it is not a distinct legal entity. The motion is granted without prejudice as to C.C.H. and granted as to Parr. He shall have thirty days to amend his complaint to substitute the proper party.

## FACTS AND PROCEDURAL HISTORY

According to the First Amended Complaint, Parr was a resident of Texas.[1] He is C.C.H.'s father. C.C.H. and A.V.H. are half-siblings, who share the same mother Shalom Jones. She is a resident of Harrison County, Mississippi. Hardy Jones is the children's grandfather. Jill Jones is his wife. She and Hardy are also Harrison County residents. In 2007, the children were living with Jill and Hardy, although without legal custody. When Jill and Hardy left the children without provisions for three days, while Jill and Hardy left the state, Parr and Shalom picked up the children and moved them to Texas with Parr. He and Shalom were granted a joint conservatorship over the minors from a Texas court. In late 2008, the children returned to Mississippi to live with Shalom. Allegedly, from then until May 2009, Jill and Hardy, acting in concert with other defendants took the children, abused and neglected them, prevented them from contacting either Parr or Shalom, deprived the children of an education, prevented A.V.H. from raising her own child B.G., and conspired to deprive Parr of custody without due process, among other things.

Allegedly, as part of that conspiracy, Defendant Deputy Van McClendon:

was dispatched by the Harrison County Sheriff's Department to transport C.C.H.

---

[1] He has since moved to California.

to the office of [Defendant] Lena Parker in Jackson County after being informed that C.C. H. was an alleged victim of neglect. . . . C.C.H. was handcuffed while at school by Deputy McClendon. [C.C.H.] was not shown any order, informed of his rights or of the allegations that he was a victim of neglect as required under the Uniform Rules of Youth Court Practice and the Constitution of the State of Mississippi. C.C.H. asked Officer McClendon to call his parents to let them know what was happening and Officer McClendon refused to do so. C.C.H. was transported to Ms. Parker's office and told that he could no longer see or speak to his parents and was now in the custody of Jill Jones and [Hardy] Jones. [C.C.H.] was then transported to their home. Van McClendon as an agent of the Harrison County Sheriff's Department . . . in conspiracy with others wilfully detained and falsely imprisoned C.C.H. . . . and deprived him of due process and equal protection rights. . . . and interfered with the parent-child relationship and the rights of Mr. Parr to parent his child. The Harrison County Sheriff's Department has taken no action against Deputy McClendon.

(1st Am. Compl. at 18-19 (¶¶130-37)).

Parr filed this action *pro se* and on behalf of the minors. Magistrate Judge Walker has since granted a motion to disqualify Parr from representing the minors in this action. Likewise, Parr was denied an appointment of counsel for himself and an appointment of a guardian ad litem for the children.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the

statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

C.C.H.

Because unrepresented minors are involved, the Court must first consider its role under Rule 17, before the Court may rule on the minors' claims. Fed. R. Civ. P. 17(c)(2); *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir. 1989). The First Amended Complaint does not set forth any claims by A.V.H. against the Harrison County Sheriff's Department. Only C.C.H. is implicated by the allegations against this defendant.

As this Court has previously ruled, Parr is not a proper representative of C.C.H. in this action, because he is currently *pro se*. One *pro se* person cannot represent another. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir. 1998). Therefore, a minor child generally cannot bring suit through a *pro se* next friend or guardian. *Aduddle v. Body*, 277 Fed. Appx. 459, 462 (5th Cir. May 7, 2008) (*pro se* guardian could not represent granddaughter); *Myers v. Loudon County Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Cheung v. Youth Orchestra Foundation, Inc.*, 906 F.2d 59, 62 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). *But see*, *Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (*pro se* parent can represent her child in a social security appeal because administrative rules allow it and the parents's interests are coextensive with the child's). To date, Parr has not hired an attorney to at least represent the children.

Therefore, the Court "must appoint a guardian ad litem–or issue another appropriate order–to protect" C.C.H. Fed. R. Civ. P. 17(c)(2). Magistrate Judge Walker previously denied

Parr's request for a guardian ad litem for the children because "the movant has provided insufficient information for the Court to grant the relief requested in motion [49], and the motion will be denied." (Order, Jan. 14, 2010 at 2). The Fifth Circuit has set forth the procedure for a court's duty under Rule 17:

> We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor . . . in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, *though only after the Court has considered the matter and made a judicial determination that the infant . . . is protected without a guardian.*

*Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984). The Court "should consider that access to the courts by aggrieved persons should not be unduly limited, particularly . . . where an incompetent person raises allegations of violations of his rights attributable to his custodians, and further alleges a failure to act on the part of his legal guardian." *Id.*

C.C.H.'s claims against the Harrison County Sheriff's Department are for damages for past constitutional and state law torts, e.g., violation of his right to be free from unreasonable seizures. There is no allegation of ongoing misconduct by this party. As a minor, the statute of limitations would not begin to run against these claims until after he reaches 21, the age of majority in Mississippi. He is currently 17. The Court finds, under the circumstances, C.C.H.'s rights *vis-a-vis* this defendant would be adequately protected by a dismissal without prejudice. His right of access to the courts is not cut off by such an order.

P<small>ARR</small>

The Sheriff's Department argues that it is not a separate legal entity, distinct from Harrison County. Parr requests the opportunity to substitute this defendant for Harrison County

Sheriff Melvin Brisolara, in his official capacity.

The Sheriff's Department's capacity to be sued must be determined by Mississippi law. Fed. R. Civ. P. 17(b)(3). In Mississippi, a Sheriff's Department is not a separate legal entity which may be sued. *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (Mississippi Tort Claims Act). "[T]he Sheriff's Department does not enjoy a separate legal existence, apart from [the] County." *Id.* Thus, the Sheriff's Department is entitled to dismissal.

On rebuttal, the Sheriff's Department argues that it would be futile for Parr to amend because the current Complaint fails "as a matter of law to state a claim against the Sheriff." (Sheriff's Dep't's Rebuttal at 1). The Sheriff's Department does not explain why the First Amended Complaint does not state a claim. Parr is granted thirty days in which to amend the current complaint to substitute the Sheriff's Department and name in its place Harrison County Sheriff Melvin Brisolara, in his official capacity.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Harrison County Sheriff's Department's Motion to Dismiss [14] should be and is hereby **GRANTED**. The dismissal of C.C.H.'s claims are without prejudice. Parr has thirty days to amend the First Amended Complaint.

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2010.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE