# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MATTHEW PARR; C.C.H., A MINOR; and A.V.H., A MINOR** | § § § | **PLAINTIFFS** |
| **VERSUS** | § § | **CAUSE NO. 1:09cv366-LG-RHW** |
| **MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, et al.** | § § § | **DEFENDANTS** |

### ORDER DENYING THE JONESES' MOTIONS TO DISMISS AND TO STRIKE AND GRANTING THE JONESES' MOTION TO AMEND

BEFORE THE COURT are Defendants Jill and Hardy Jones's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [23], second Motion to Dismiss [36], Motion to Amend/Correct the Memorandum in Support of Defendants' first Motion to Dismiss [37], and Motion to Strike Plaintiffs' Pleadings [38]. Plaintiff Matthew Parr brought this action, *pro se* and on behalf of minors C.C.H. and A.V.H., under Section 1983 and state law, for claims arising out of a custody dispute. Mr. and Mrs. Jones argue (1) the Section 1983 claims should be dismissed because Mr. and Mrs. Jones are private actors, and (2) they should be dismissed and (3) the pleadings stricken because Parr is not a proper representative for the minors. Mr. and Mrs. Jones also seek to amend their memorandum to correct a factual allegation. The Court has considered the parties' submissions and the relevant legal authority. The motion to amend is granted. The remaining motions are denied.

### FACTS AND PROCEDURAL HISTORY

According to the First Amended Complaint, Parr was a resident of Texas.[1] He is

---

[1] He has since moved to California.

C.C.H.'s father. C.C.H. and A.V.H. are half-siblings, who share the same mother Shalom Jones. She is a resident of Harrison County, Mississippi. Hardy Jones is the children's grandfather. Jill Jones is his wife. She and Hardy are also Harrison County residents. In 2007, the children were living with Jill and Hardy, although without legal custody. When Jill and Hardy left the children without provisions for three days, while Jill and Hardy left the state, Parr and Shalom picked up the children and moved them to Texas with Parr. He and Shalom were granted a joint conservatorship over the minors from a Texas court. In late 2008, the children returned to Mississippi to live with Shalom. Allegedly, from then until May 2009, Jill and Hardy, acting in concert with other defendants took the children, abused and neglected them, prevented them from contacting either Parr or Shalom, deprived the children of an education, prevented A.V.H. from raising her own child B.G., and conspired to deprive Parr of custody without due process, among other things.

Parr filed this action *pro se* and on behalf of the minors. Magistrate Judge Walker has since granted a motion to disqualify Parr from representing the minors in this action. Likewise, Parr was denied an appointment of counsel for himself and an appointment of a guardian ad litem for the children.

## DISCUSSION

RULE 17

Because unrepresented minors are involved, the Court must first consider its role under Rule 17, before the Court may rule on the minors' claims. Fed. R. Civ. P. 17(c)(2); *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir. 1989). The First Amended Complaint alleges claims against Mr. and Mrs. Jones by both minors.

As this Court has previously ruled, Parr is not a proper representative of C.C.H. and A.V.H. in this action, because Parr is currently *pro se*. One *pro se* person cannot represent another. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir. 1998). Therefore, a minor child generally cannot bring suit through a *pro se* next friend or guardian. *Aduddle v. Body*, 277 Fed. Appx. 459, 462 (5th Cir. May 7, 2008) (*pro se* guardian could not represent granddaughter); *Myers v. Loudon County Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Cheung v. Youth Orchestra Foundation, Inc.*, 906 F.2d 59, 62 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). *But see*, *Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (*pro se* parent can represent her child in a social security appeal because administrative rules allow it and the parent's interests are coextensive with the child's). To date, Parr has not hired an attorney.

Therefore, the Court "must appoint a guardian ad litem–or issue another appropriate order–to protect" C.C.H. and A.V.H. Fed. R. Civ. P. 17(c)(2). Magistrate Judge Walker previously denied Parr's request for a guardian ad litem for the children because "the movant has provided insufficient information for the Court to grant the relief requested in motion [49], and the motion will be denied." (Order, Jan. 14, 2010 at 2). The Fifth Circuit has set forth the procedure for a court's duty under Rule 17:

> We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor . . . in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, *though only after the Court has considered the matter and made a judicial determination that the infant . . . is protected without a guardian.*

*Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984). The Court "should

consider that access to the courts by aggrieved persons should not be unduly limited, particularly . . . where an incompetent person raises allegations of violations of his rights attributable to his custodians, and further alleges a failure to act on the part of his legal guardian." *Id.*

Some of C.C.H. and A.V.H.'s claims against Mr. and Mrs. Jones are for past constitutional and state law torts and some are for ongoing violations. In particular, it is alleged that Mr. and Mrs. Jones have physical custody over the children but are the ones who are currently violating their rights. Further, the First Amended Complaint alleges that each one, as mandatory reporters of child abuse under Mississippi law, have failed to report the children's alleged abuse. The Court may need to reconsider whether a guardian ad litem is needed in order to protect the minors' interest in this case *vis-a-vis* these defendants. However, as outlined below, the present motions are not well taken. Because the Court takes no action adverse to the minors at this time, their rights are adequately protected on these motions, by the present order.

MOTION TO AMEND

Mr. and Mrs. Jones seek to amend a factual allegation contained in their memorandum in support of their first motion to dismiss. The Court finds the motion is well taken and should be granted.

FIRST MOTION TO DISMISS

Mr. and Mrs. Jones first argue that the Section 1983 claims should be dismissed because these movants are private actors and they did not conspire with any governmental agency.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To prove Plaintiffs' claims under Section 1983, they will have to show, among other things, that Mr. and Mrs. Jones acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party . . . must be a person who may fairly be said to be a state actor.'" *Id.* at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

"Private individuals generally are not considered . . . state actors. . . . Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). State action may also be found where the state compels the private party to act, "when the state provides 'significant encouragement, either overt or covert,'" when the private entity is controlled by the State, when

the private party performs a public function, or when the private party is so entwined with the State as to make the party a state actor. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001).

The First Amended Complaint, which the Court must accept as true for purposes of this motion, alleges that Mr. and Mrs. Jones engaged in a conspiracy with certain state agencies, such as the Mississippi Department of Human Services. The First Amended Complaint further alleges, for example, that MDHS knew that Mr. and Mrs. Jones were making disputed, if not false, allegations against Parr, in order to obtain control over the children, but MDHS never informed the Youth Court. This is sufficient to allege that Mr. and Mrs. Jones were state actors for purposes of Section 1983. Whether they actually were or not would require the Court to look outside of the First Amended Complaint. This motion is denied.

SECOND MOTION TO DISMISS AND MOTION TO STRIKE

Mr. and Mrs. Jones move under Rule 17 and argue that the case should be dismissed and the pleadings stricken because Parr is not a proper representative of the children.

As this Court has previously held and the Joneses acknowledge, Parr has his own claims in this case and has a right to represent himself *pro se*.

Additionally, neither motion is accompanied by a memorandum of authorities. "At the time the motion is served, other than motions or applications that may be heard *ex parte* or those involving necessitous or urgent matters, counsel for movant shall submit . . . a memorandum of authorities upon which counsel relies." Unif. Local R. of the U.S. Dist. Cts. for the N. Dist. of Miss. & the S. Dist. of Miss. 7.2(D). Neither motion was filed with the required memorandum of authorities. Therefore, the Court finds that these motions should likewise be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendants Jill and Hardy Jones's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [23] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED**, that the Joneses' second Motion to Dismiss [36] should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Joneses' Motion to Amend/Correct the Memorandum in Support of Defendants' first Motion to Dismiss [37] should be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Joneses' Motion to Strike Plaintiffs' Pleadings [38] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE