IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MATTHEW PARR; C.C.H., A MINOR;** § | | **PLAINTIFFS** |
| **and A.V.H., A MINOR** § | | |
| § | | |
| **VS.** § | | **CAUSE NO. 1:09cv366-LG-RHW** |
| § | | |
| **MISSISSIPPI DEPARTMENT OF HUMAN** § | | |
| **SERVICES, et al.** § | | **DEFENDANTS** |

## ORDER DENYING ELLIS'S MOTION TO DISMISS

BEFORE THE COURT is *pro se* Defendant Larry Ellis's Motion to Dismiss [59]. Plaintiff Matthew Parr brought this action, *pro se* and on behalf of minors C.C.H. and A.V.H., under Section 1983 and state law, for claims arising out of a custody dispute. Ellis argues the complaint "fails to state a claim of any type which even indicates that Defendant Ellis has violated anyone's rights," and he asserts all of his Rule 12 defenses. (Ellis's Mot. to Dismiss at 1). The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

### FACTS AND PROCEDURAL HISTORY

According to the First Amended Complaint, Parr was a resident of Texas.[1] He is C.C.H.'s father. C.C.H. and A.V.H. are half-siblings, who share the same mother Shalom Jones. She is a resident of Harrison County, Mississippi. Hardy Jones is the children's grandfather. Jill Jones is his wife. She and Hardy are also Harrison County residents. In 2007, the children were living with Jill and Hardy, although without legal custody. When Jill and Hardy left the children without provisions for three days, while Jill and Hardy left the state, Parr and Shalom picked up

---

[1]He has since moved to California.

the children and moved them to Texas with Parr. He and Shalom were granted a joint conservatorship over the minors from a Texas court. In late 2008, the children returned to Mississippi to live with Shalom. Allegedly, from then until May 2009, Jill and Hardy, acting in concert with other defendants took the children, abused and neglected them, prevented them from contacting either Parr or Shalom, deprived the children of an education, prevented A.V.H. from raising her own child B.G., and conspired to deprive Parr of custody without due process, among other things.

Further, the First Amended Complaint alleges that Ellis falsely told Jill and Hardy that C.C.H. had smoked crack. There are alternative allegations, read in the light most favorable to the Plaintiffs, that indicate that either Jill and Hardy were making this up, Ellis was, or all three were jointly making this false accusation.

Additionally, Ellis is accused of offering C.C.H. marijuana and Neurontin when Hardy sent Ellis to pick C.C.H. up after school. It is alleged that Ellis is an ex-convict, who is Jill and Hardy's neighbor and friend, and of whom C.C.H. is afraid. Finally:

> [o]n or about May 21, 2009, Mr. Ellis made statements to C.C.H. with the intent of intimidating him. The statements included[,] 'You better get a lawyer.' C.C.H. fears that Mr. Ellis will retaliate against him and cause him physical harm upon learning he has been named as a defendant in this case.

(1st Am. Compl. at 12 (¶¶79-80)).

Parr filed this action *pro se* and on behalf of the minors. Magistrate Judge Walker has since granted a motion to disqualify Parr from representing the minors in this action. Likewise, Parr was denied an appointment of counsel for himself and an appointment of a guardian ad litem for the children.

# DISCUSSION

<u>Rule 17</u>

Because unrepresented minors are involved, the Court must first consider its role under Rule 17, before the Court may rule on the minors' claims. Fed. R. Civ. P. 17(c)(2); *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir. 1989). The First Amended Complaint asserts claims against Ellis by C.C.H. and, when read liberally, by A.V.H.

As this Court has previously ruled, Parr is not a proper representative of C.C.H. and A.V.H. in this action, because Parr is currently *pro se*. One *pro se* person cannot represent another. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir. 1998). Therefore, a minor child generally cannot bring suit through a *pro se* next friend or guardian. *Aduddle v. Body*, 277 Fed. Appx. 459, 462 (5th Cir. May 7, 2008) (*pro se* guardian could not represent granddaughter); *Myers v. Loudon County Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Cheung v. Youth Orchestra Foundation, Inc.*, 906 F.2d 59, 62 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). *But see*, *Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (*pro se* parent can represent her child in a social security appeal because administrative rules allow it and the parent's interests are coextensive with the child's). To date, Parr has not hired an attorney to at least represent the children.

Therefore, the Court "must appoint a guardian ad litem–or issue another appropriate order–to protect" C.C.H. and A.V.H. Fed. R. Civ. P. 17(c)(2). Magistrate Judge Walker previously denied Parr's request for a guardian ad litem for the children because "the movant has provided insufficient information for the Court to grant the relief requested in motion [49], and the motion will be denied." (Order, Jan. 14, 2010 at 2). The Fifth Circuit has set forth the

procedure for a court's duty under Rule 17:

> We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor . . . in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, *though only after the Court has considered the matter and made a judicial determination that the infant . . . is protected without a guardian.*

*Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984). The Court "should consider that access to the courts by aggrieved persons should not be unduly limited, particularly . . . where an incompetent person raises allegations of violations of his rights attributable to his custodians, and further alleges a failure to act on the part of his legal guardian." *Id.*

As outlined below, the present motion is not well taken. Because the Court takes no action adverse to the minors at this time, their rights are adequately protected on this motion, by the present order.

MOTION TO DISMISS

I.     RULE 12(B)(6)

Ellis first argues that the First Amended Complaint fails to state a claim against him because it does not accuse him of violating anyone's rights.

This *pro se* motion is not accompanied by a memorandum of authorities. "At the time the motion is served, other than motions or applications that may be heard *ex parte* or those involving necessitous or urgent matters, counsel for movant shall submit . . . a memorandum of authorities upon which counsel relies." Unif. Local R. of the U.S. Dist. Cts. for the N. Dist. of Miss. & the S. Dist. of Miss. 7.2(D). Besides this defect, the Court has examined the *pro se* motion and determined that it otherwise fails.

-4-

The First Amended Complaint accuses Ellis of publishing a false, defamatory statement about C.C.H. to his grandparents. To establish a claim for defamation, a plaintiff must prove (1) a false and defamatory statement concerning the plaintiff, (2) unprivileged publication to a third party, (3) fault amounting to at least negligence on part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Armistead v. Minor*, 815 So. 2d 1189, 1193 (¶7) (Miss. 2002). Ellis does not provide any arguments as to why the First Amended Complaint fails to state a claim for defamation. The Court need not consider the other claims asserted in the First Amended Complaint, as Ellis does not present any arguments as to why those claims are insufficient either. Therefore, the Court finds that Ellis has not shown that the First Amended Complaint fails to state a claim against him upon which relief can be granted.

## II. REMAINING DEFENSES

At the close of Ellis's motion, he lists his remaining Rule 12 defenses. He provides the Court with no facts or arguments as to why he should prevail on any or all of these remaining defenses. Therefore, the Court finds the motion should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Larry Ellis's Motion to Dismiss [59] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2010.

            s/ *Louis Guirola, Jr.*
            LOUIS GUIROLA, JR.
            UNITED STATES DISTRICT JUDGE